UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| CHARLES GLENN SIZEMORE<br>    **Plaintiff,**<br><br>V.<br><br>COMMISSIONER OF SOCIAL SECURITY<br>    **Defendants.** | CIVIL ACTION NO. 6:16-cv-00216-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Charles Glenn Sizemore and Defendant Commissioner of Social Security. (DE 11 & 13.) Sizemore brought this action under Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under Titles II and XVI of the Social Security Act ("the Act"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and was decided by the proper legal standards.

## I. OVERVIEW OF THE PROCESS

To determine whether a claimant has a compensable disability under the Social Security Act, the administrative law judge ("ALJ") applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 81 F.3d 825, 835 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps, in summary, are:

> *Step 1:* If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> *Step 2:* If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> *Step 3:* If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> *Step 4:* If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> *Step 5:* If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 Fed. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009)).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4). In the first four steps of the process the claimant bears the burden of proof. *Sorrell*, 656 Fed. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (internal citations omitted); 20 C.F.R. § 404.1520(g)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Charles Sizemore was born in 1963. He is not presently married and has no minor children. (Administrative Record (AR) 233.) He has an eleventh-grade education and reports that he has difficulty reading. (AR 53, 276.) Prior to his alleged disability, he worked in mining as a company laborer. (AR 58.) He alleges that he is unable to work due to pain in his back and left hip. (AR 42-43.)

Sizemore first applied for disability benefits in March 2000, but his application was denied. (AR 9.) He filed a second application in January 2001 and was awarded a closed period of benefits from March 2000 through August 2001. Sizemore then filed a third application for benefits which was denied by an ALJ decision in April 2011. A fourth application was filed by Sizemore in November 2011. (AR 9.) In a written decision dated February 11, 2013, ALJ Christopher Van Dyck denied Sizemore's application. (AR 99-116.) Based on his age, education, work experience, and residual functional capacity, ALJ Van Dyck found at step five that there existed a significant number of jobs in the national economy that Sizemore could perform. (AR 111.) Accordingly, he entered a finding of not disabled. (AR 112.)

Sizemore submitted his fifth application for Disability Insurance Benefits and Social Security Income that is now before this Court on November 19, 2013, alleging a disability onset date of May 30, 2009. (AR 231-32, 240-46.) Those claims were denied initially and on reconsideration. (AR 117-34.) Sizemore then filed a timely request for a hearing before an ALJ. (AR 186-88.)

ALJ Ben Ballengee conducted a hearing in Middlesboro, Kentucky on July 24, 2015. Sizemore, accompanied by his attorney, was present and testified on his own behalf. (AR 7-

31.) Testimony was also heard from an impartial vocational expert, William Ellis. (AR 24, 32-40.) At the hearing, the alleged disability onset date was amended to February 12, 2013, the day after his previous application was denied. (AR 29, 240.) After hearing and reviewing Sizemore's claims *de novo*, the ALJ entered a written decision denying benefits on September 25, 2015. (AR 6-19.)

B. The Administrative Decision

The ALJ applied the traditional five-step sequential analysis promulgated by the Commissioner, *see* 20 C.F.R § 404.1520, and found that Sizemore's claim failed at step five. At step one, the ALJ found that Sizemore had not engaged in substantial gainful activity since the alleged onset date. (AR 11.) At step two, the ALJ found that Sizemore had the following severe impairments: residuals of left hip, back and pelvis injuries. (AR 12.) At step three, the ALJ found that Sizemore's impairments or a combination therefore did not meet or medically equal the severity of a listed impairment in 20 C.F.R. Pt. 404, Subpart P, App. 1.[1] Before moving on to step four, the ALJ determined Sizemore's RFC, finding that Sizemore retained:

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he requires a sit/stand option 30-45 minutes and is limited to occasional climbing of ramps/stairs, stooping, crouching, crawling, and kneeling. The claimant is restricted to no climbing of ladders, ropes or scaffolds and no balancing, or exposure to dangerous machinery or unprotected heights.

(AR 14.) In making this assessment, the ALJ found that Sizemore's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. (AR 14.) The ALJ proceeded to discuss the relevant medical evidence that failed to support Sizemore's claims, which included the medical opinions of Dr. Nathan Hill, Jose Echeverria,

---

[1] The SSA modified the listing criteria for mental disorders in January 2017.

and a state agency medical consultant. (AR 14-16.) After considering the medical evidence, the ALJ stated that he had adopted the same RFC found by ALJ Van Dyck in his 2013 decision, which he was bound by unless there was new and material evidence relating to a finding or a change in the law. (AR 16.). Moving to step four, the ALJ found that Sizemore was unable to perform his past relevant work as a company laborer because it exceeded his exertional capacity. (AR 17.) At step five, considering Sizemore's age, education, work experience, and RFC, the ALJ found that there existed a significant number of jobs in the national economy that Sizemore could perform. (AR 17.) The ALJ stated that a finding of "not disabled" would be directed by Medical-Vocational Rule 202.10 based on Sizemore's light exertional capacity, but that Sizemore had additional impediments. Accordingly, the ALJ relied on the vocational expert's testimony that Sizemore could perform the requirements of occupations such as packer, production worker, and inspector tester. The ALJ noted that the vocational expert, based on his experience, reduced the number of jobs in those categories by fifty percent to reflect the sit/stand option not addressed by the *Dictionary of Occupational Titles*. Accordingly, the ALJ issued a finding of not disabled from February 12, 2013 through September 25, 2015, the date of the written decision. (AR 18.)

The ALJ's decision became the final decision of the Commissioner when the Appeals Council subsequently denied his request for review on September 8, 2016. (AR 1-3.); *see* 20 C.F.R. § 422.210(a). Sizemore has exhausted his administrative remedies and filed a timely appeal in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

### III. STANDARD OF REVIEW

Under the Social Security Act, the Court conducts a limited review of the Commissioner's decision. 42 U.S.C. § 405(g). The Court may only evaluate whether the ALJ applied the

correct legal standard and made factual findings that are supported by substantial evidence in the record. *Id.*; *see also Rabbers*, 582 F.3d at 651. Substantial evidence means "more than a scintilla of evidence but less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). In assessing the ALJ's decision, the Court cannot "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Id.*; *see also Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the Commissioner's decision is supported by substantial evidence, this Court must affirm that decision even if there is substantial evidence in the record that supports an opposite conclusion. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

## IV. ANALYSIS

Sizemore makes three arguments challenging the ALJ's conclusions and findings. First, he alleges that the ALJ erred in applying *res judicata* as to the RFC determination of ALJ Van Dyck in his 2013 opinion denying Sizemore benefits. Second, he alleges that the ALJ incorrectly found his chronic obstructive pulmonary disease (COPD) diagnosis was not a severe limitation. And third, Sizemore makes a general argument that the ALJ's decision was not supported by substantial evidence. These arguments are addressed in turn.

### A. First Assignment of Error: Whether the ALJ Erred in Applying Res Judicata Arising from Prior ALJ Decision

Sizemore first argues that the ALJ erred in applying *res judicata* to the RFC found by ALJ Van Dyck in his 2013 decision denying Sizemore benefits. He claims that *res judicata*

does not apply because there was a change in circumstances: Sizemore turned fifty approximately one month after the amended onset date for his alleged disability. (DE 11-9.)

The Sixth Circuit has held that administrative *res judicata* applies to the final decision of an ALJ in a disability claim. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997) (holding "that the principles of res judicata can be applied against the Commissioner."); *Dennard v. Sec. of Health and Human Servs*, 907 F.2d 598, 600 (6th Cir. 1990) (concluding that the ALJs erred by reconsidering prior the ALJ's RFC finding); *see also* 20 C.F.R. § 404.957(c)(1) (permitting an ALJ to refuse to consider an issue where "[t]he doctrine of res judicata applies in that [the Commissioner has] made a previous determination or decision under this subpart about [the claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action."). Accordingly, an ALJ may not reconsider any issue made in a previous decision unless there has been a change in circumstances, such as "new and material evidence relating to [] a finding or . . . a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." AR 98-4(6) (S.S.A.), 1998 WL 283902 (June 1, 1998); *see Drummond*, 126 F.3d at 842 ("When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances.").

The ALJ properly determined that *res judicata* applied to prior RFC. All new evidence that was developed between the ALJ Van Dyk's February 2013 decision and the decision at issue was considered by ALJ Ballengee. In his decision, ALJ Ballengee discussed Dr. Nathan Hill's December 2013 consultative evaluation and Dr. Jose Echeverria's March 2014 examination and found that the doctors' opinions were inconsistent with Sizemore's allegations of pain. (AR 14-16.) Because the ALJ considered whether new evidence had arisen

and found none, substantial evidence supported his decision to apply *res judicata* to the prior ALJ decision. *See Perry ex rel. G.D. v. Comm'r of Soc. Sec.*, 501 Fed. App'x 425, 427 (6th Cir. 2012) (holding that the ALJ's decision to apply *res judicta* was supported by substantial evidence where "he considered the new reports [and] found none of [the] new evidence to be material.").

Sizemore argues that the fact that he turned fifty one month after the amended onset date constituted changed circumstances. (DE 11-9.) This argument is misguided because it also requires finding Sizemore was only capable of sedentary work rather light work. Sizemore has provided no evidence for why the ALJ erred in assessing his exertional capacity. Sizemore attempts to argue that vocational experts testimony that reducing the number of available jobs by fifty percent to account for the sit/stand requirement is arbitrary because "the VE did not explain how he came up with that percentage." Instead, he suggests, the ALJ should have found him only able to perform sedentary work. (DE 11-10). This argument has no merit. The reduction was not arbitrary, but based on his expertise and experience observing and analyzing jobs. (AR 18.) Accordingly, the ALJ's decision to apply *res judicata* was supported by substantial evidence.

B. <u>Second Assignment of Error: Whether the ALJ Erred in Failing to Consider Sizemore's COPD Diagnosis</u>

Sizemore's second argument is that his COPD should have been considered a severe impairment at step two in the ALJ's sequential process. (DE 11-11.) This argument fails. The ALJ's finding that Sizemore's breathing conditions is non-severe was supported by substantial evidence. At step two, the ALJ discussed Dr. Echeverria's diagnosis of COPD, but found it inconsistent with other evidence on the record. Notably, Sizemore continued to smoke despite being urge to stop for several years, suggesting that his symptoms were less severe than he claimed. Moreover, Sizemore was never prescribed any medication for his

COPD. (AR 12.) Disregarding a doctor's advice and lack of medication were both valid reasons for the ALJ to discount Dr. Echeverria's opinion. *See Blaim v. Comm'r of Soc. Sec.*, 595 F. App'x 496, 499 (6th Cir. 2014) (finding claimant's "persistant noncompliance with his medication and his persistent disregard of his doctor's advice [evidence] that his conditions were not as severe as he made them out to be."); *Kimbrough v. Sec'y of Health and Human Serv.*, 801 F.2d 794, 797 (6th Cir. 1986) ("[M]ild medication taken by claimant do not bear out the severity of claimant's pain."). Accordingly, the ALJ's finding that Sizemore's breathing condition is non-severe was supported by substantial evidence.

C. <u>Third Assignment of Error: The ALJ's Decision Is Not Supported by Substantial Evidence</u>

Sizemore's final argument is that the ALJ's decision is not supported by substantial evidence. He states that the "objective medical evidence unequivocally documents that the Plaintiff suffers from residuals fo [sic] left hip, back, and pelvis injuries, left knee pain, left hand pain, COPD, depression, and anxiety." (DE 11-13.) This broad argument is merely a request to have the Court reweigh the evidence, which is beyond the scope of its review in social security cases. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) ("Moreover, '[w]hen deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility.'") (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir.2007)). The ALJ provided substantial evidence supporting his conclusions and findings at each step of his decision. Accordingly, Sizemore's final argument fails.

## V. CONCLUSION

For the reasons set forth above, the Court herby **ORDERS** as follows:

1. Plaintiff's motion for summary judgment (DE 11) is **DENIED**;

2. The Commissioner's motion for summary judgment (DE 13) is **GRANTED;**

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment consistent with this Opinion & Order will be entered contemporaneously.

Dated September 21, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY